LOUIS BABB *v.* THE STATE.

1. PRACTICE — STATEMENT OF FACTS. — A convicted defendant, whether he moves for a new trial or not, has a right, if he appeals, to have a statement of the facts certified and sent up with the record; and it is the duty of the prosecuting attorney in all such matters to aid the court to perfect its records and enable it to accord to every defendant his legal rights.

2. SAME — CASE STATED. — After a defendant was found guilty of murder in the second degree, his counsel abandoned him, and left the court without preparing a statement of the facts. Defendant appealed, and employed other counsel; but they, not having been present at his trial, could not prepare a statement. The prosecuting attorney refused to prepare one, and the judge, on the last day of the term, certified his inability to make one without the assistance of counsel. *Held*, that the judge should, under these circumstances, have exercised the power granted him by the Revised Code to authorize, by order in term-time, the preparation of the statement of facts within ten days after the close of the term, and should have required the prosecuting attorney and the original counsel for the defendant, under penalty for contempt, to prepare and submit their respective statements within that period.

3. PRACTICE. — The Code of Procedure expressly prohibits a trial judge from expressing any opinion as to the weight of evidence, summing up the testimony, or discussing the facts.

4. SELF-DEFENCE. — A proper instruction on the right of self-defence was supplemented with the qualification that the killing must have been "in fact in self-defence, and not colorably so." *Held*, erroneous, because subversive of the right of the defendant to act upon reasonable apprehension or expectation of death or serious bodily injury.

APPEAL from the District Court of Washington. Tried below before the Hon. A. S. BROADDUS.

The indictment charged the appellant with the murder of Milton McGowan, on August 10, 1879, by shooting him with a shot-gun. The jury found him guilty of murder in the second degree, and assessed his punishment at a term of fifty years in the penitentiary.

There is no statement of facts in the record, but the charge of the court, in connection with the law of murder in the first degree, contains a recapitulation which doubtless indicates the material circumstances of the homicide. From this it appears that the defendant and the deceased had a

difficulty at the latter's house the night before the killing; that the defendant went off and got a gun, returned, and remained near the deceased's house for some time, making threats to shoot the deceased; that the defendant came again to the house of the deceased, the next evening about sunset, having his gun with him and taking his seat upon the fence in front of the house, awaiting the coming of the deceased; that the deceased passed near the defendant, who told him he had come to settle the difficulty, whereupon the deceased went into his house and came back with a pistol, which he held hanging down by his side, and while in this position he was shot and killed by the defendant.

The matters of fact which specially relate to the rulings made are stated in the opinion.

*Shepard & Searcy*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

White, P. J.   The appeal in this case is from a judgment of conviction in the court *a quo* of murder of the second degree, and a penalty of fifty years in the penitentiary.

We find in the record, in lieu of a statement of facts, the following, after stating the number and style of the cause, viz. : " In this case accused was defended by Mr. Thomas, a freedman, and Mr. Kanada, both of whom reside in Burton.   Soon after the verdict was rendered they left the court.   The motion for new trial was made by Shepard & Searcy, neither of whom heard the testimony given in the cause.   They are consequently unable to draw a statement of facts.   The county attorney declines to draw one.   The judge, having heard several similar cases in rapid succession, says that he cannot, unaided, draw a satisfactory statement of the facts.   The attorneys who made the defence cannot be had, and left, so far as we are able to find out, no memoranda of the facts proven on the trial.   This statement is

made, to show why no statement of facts accompanies the record;" signed by the county attorney, and by Shepard & Searcy for defendant, and certified and approved by the signature of the judge.   This statement was made and filed the eighteenth day of October, 1879, the day on which the court adjourned.

With regard to a statement of facts, the statute provides that, " If a new trial be refused, a statement of facts may be drawn up and certified, and placed in the record, as in civil suits.   Where the defendant has failed to move for a new trial, he is nevertheless entitled, if he appeals, to have a statement of the facts certified and sent up with the record."   Code Cr. Proc., art. 784.

"After the trial of any cause, either party may make out a written statement of the facts given in evidence on the trial, and submit the same to the opposite party or his attorney for inspection.   If the parties or their attorneys agree upon such statement of facts, they shall sign the same, and it shall then be submitted to the judge, who shall, if he find it correct, approve and sign it, and the same shall be filed with the clerk during the term."   Rev. Stats., art. 1377.

" If the parties do not agree upon such statement of facts, or if the judge do not approve or sign it, the parties may submit their respective statements to the judge, who shall from his own knowledge, with the aid of such statements, during the term make out and sign, and file with the clerk, a correct statement of facts proven on the trial, and such statement shall constitute a part of the record."   Rev. Stats., art. 1378.

Art. 1379.   " The court may, by an order entered upon the record during the term, authorize the statement of facts to be made up and signed and filed in vacation, at any time not exceeding ten days after the adjournment of the court."

Under the circumstances of this case, the court should have authorized the statement of facts to be made up and

signed in vacation, and should have ordered the county attorney and the attorneys who represented defendant on the trial to make out and submit to him their respective statements within ten days, under pain of being held in contempt. Why the county attorney should refuse to make out a statement we cannot imagine. It is the duty of the prosecuting officer to furnish every facility to the court to enable it to have its criminal records full and complete, so that they may speak the truth and present the proceedings in a manner that its action can be easily understood and properly revised when its correctness is called in question on appeal. He should also desire to so aid the court in administering the law as that no offender, be he never so friendless or criminal, shall be deprived of any right which the law in its wisdom and humanity has accorded him. We must presume that a consideration of the facts adduced in evidence is essential to a proper understanding of almost every case on appeal; and the law having wisely provided it as a right, a defendant should not be deprived of it if he desires its advantages and they can be made available to him.   *Trammel* v. *The State*, 1 Texas Ct. App. 121; *Longley* v. *The State*, 3 Texas Ct. App. 611.

Though the defendant was not found guilty of murder in the first degree, we cannot pass over the charge of the court in its application of the law upon that branch to the facts in the case. In his charge the judge "shall not express any opinion as to the weight of evidence, nor shall he sum up the testimony." Code Cr. Proc., art. 677. And again: "It is beyond the province of the judge sitting in criminal causes to discuss the facts," etc. Code Cr. Proc., art. 678. The portion of the charge alluded to is obnoxious to both these provisions.

Again, the charge upon self-defence is objectionable. After stating the rules of self-defence with sufficient fairness and accuracy, this addition or qualification is made: "But the jury must be satisfied from the evidence that the

killing was in fact in self-defence, and not colorably so."
To our minds this qualification destroyed all that previous
portion of the charge which permitted defendant to invoke
the right of self-defence against reasonable apprehensions
and expectations of death or some serious bodily injury,
and was consequently erroneous. *Horbach* v. *The State*,
43 Texas, 258; *Marnoch* v. *The State*, 7 Texas Ct. App.
269; *Pharr* v. *The State*, 7 Texas Ct. App. 472; *Richardson*
v. *The State*, 7 Texas Ct. App. 486.

. For the reasons indicated, the judgment is reversed and
the cause remanded.

*Reversed and remanded.*